[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Vincent Morton appeals the trial court's entry, which reversed the magistrate's grant of a writ of restitution and remanded the eviction cause for a new trial. Morton advances two assignments of error on appeal. We do not reach the merits of these assignments because the entry from which the appeal derives is not a final appealable order.
Morton filed a complaint for forcible entry and detainer against defendant-appellee Majdi Saleh on February 21, 2001, for failure to pay rent. A magistrate held a hearing on the complaint on March 12, 2001. At the hearing, the magistrate determined Saleh had failed to pay rent and granted Morton a writ of restitution. That same day Saleh filed a motion to stay the writ of restitution.
On March 15, 2001, Saleh filed objections to the magistrate's decision, which decision was entered the same day. In his objections, Saleh claimed that he had attempted to pay Morton the rent, but Morton had refused to accept it. Saleh also claimed that as a result of Morton's refusal to accept the rent, he had filed a complaint against Morton for breach of the lease on February 14, 2001. Saleh further claimed that Morton had initiated the eviction action in retaliation.
On March 26, 2001, Saleh filed an answer and counterclaim as well as a motion to consolidate the eviction action with his lawsuit against Morton. In the prior action, Saleh had alleged that Morton's failure to accept "timely tendered rent payments" and his attempts to evict Saleh when "the rent was timely tendered," constituted an anticipatory breach of their lease agreement.
On March 27, 2001 the trial court stayed the writ of execution, set bond, and established a briefing schedule. Both Morton and Saleh filed briefs with the trial court. On May 25, 2001, the trial court reversed the decision of the magistrate, cancelled the eviction, and referred the eviction cause to the magistrate for a new trial. This appeal followed.
When a trial court reviews a magistrate's decision pursuant to Civ.R. 53(E), it must conduct a de novo review of the facts and conclusion contained in the magistrate's decision.[1] The trial court, as the ultimate finder of fact, must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the magistrate unless the trial court fully agrees with them.[2]
Under Civ.R. 53(E)(4)(b) the trial court "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter* * *." A trial court's entry recommitting a magistrate to hear additional evidence is not a final appealable order.[3]
In this case, the trial court, after reviewing the transcript of the proceedings, found that "the hearing before the magistrate did not fully explore the circumstances surrounding a tender of the rent by the tenant and whether it was refused in January 2001." The trial court determined that "if the rent was tendered when due in January and the landlord refused it, the tenant should not be evicted for failure to pay rent in February 2001." As a result, the trial court reversed the magistrate's decision, cancelled the eviction, and recommitted the cause to the magistrate for a new trial on the issue of January's rent.
The trial court's entry recommitting the eviction cause to the magistrate to hear additional evidence is an interlocutory order because it leaves the eviction action pending before the trial court. The trial court clearly contemplated further action in this case before it would issue a final judgment entry. As a result, we conclude that the entry is not a final appealable order. We are accordingly without jurisdiction to entertain this appeal, and for that reason the appeal is dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] See Inman v. Inman (1995), 101 Ohio App.3d 115, 117-118,655 N.E.2d 199.
[2] Id.
[3] See Crawford v. Bach (Oct. 19, 2000), Montgomery App. No. 18409.